U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2018 AUG 21 P 12: 20

STEPHEN C. DRIES
CLERK

IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WISCONSIN

KEVIN PATRICK WORDS, )
      Plaintiff, )
)
)
)
-v.s.- ) Civil Action No **18-C-1288**
)
)
DEBRASHREE NANDY, ESQ.; )
ANTHONY A. AGOSTA, ESQ.; )
MATTHEW W. HERON, ESQ.; )
INDIVIDUALLY & DBA, )
CLARK HILL, PLC., )
      Defendant(s). )

## LEGAL MALPRACTICE

Plaintiff, Kevin Patrick Words sues the Defendant(s), Debrashree Nandy, Anthony A. Agosta, and Matthew W. Heron, individually and doing business as ("DBA"), Clark Hill, a Michigan Partnership Limited Corporation, PLC.,.

## JURISDICTION

1. Kevin Patrick Words was a federal prisoner, registry number 09836-089, and was initially housed at the Federal Correctional Institute, at Milan Michigan. The Federal Bureau of Prisons, then transferred him to the United States Medical Center for Federal Prisoners at, Springfield Missouri. In 2013, Mr. Words was released and is currently a citizen of the State of Wisconsin at, Milwaukee, where he domciles.

2. Debrashree Nandy, Esq., Michigan Bar Number P76797, currently resides in the State of New Mexico. Anthony A. Agosta, Esq., Michigan Bar Number P57355 and Matthew W. Heron, Michigan Bar Number P61501, respectively, are citizens of the State of Michigan. Clark Hill, P.L.C., is incorporated under the laws of the State of Michigan, with its' principle place of business located at, 500

Woodward Avenue, Suite 3500, Detroit, Michigan 48226. There remain a complete diversity of citizenship between Plaintiff and all the Defendant(s), and this matter in controversy exceeds, exclusive of interest and cost, the sum amount, $75,000.00, minimum requirement.

## COUNT I

3. Kevin Patrick Words was, at all times relevant to this Complaint, a federal prisoner in the custody of the United States Department of Justice, Federal Bureau of Prisons, and a client of Clark Hill, PLC.

4. Debrashree Nandy, Anthony A. Agosta, and Matthew W. Heron were, at all times mentioned in this Complaint, members of the Michigan Bar, and actively engaged in the practice of law in and around Detroit, Michigan. Debrashree Nandy, Anthony A. Agosta, and Matthew W. Heron were, at all times relevant to this Complaint, partners and or associates doing business as, Clark Hill, PLC.

5. Debrashree Nandy, Anthony A. Agosta, and Matthew W. Heron were, at all times material to this action, attorneys representing Kevin Patrick Words by virtue of a written contract set forth by the Defendant(s) on July 11, 2013. A copy of the contract is attached to this Complaint, marked as **Exhibit "A"** and is incorporated and made a part of this action by reference.

6. Under the written terms of the agreement, Debrashree Nandy, Anthony A. Agosta, and Matthew W. Heron, attorney-in-fact, were obligated to put forth competent representation in pursuit of plaintiff's civil lawsuit. See Exhibit A, pp 3, General Rights and Responsibilities of Clients of the Firm.

7. Kevin Patrick Words, hereinafter Plaintiff, request the Court take judicial notice of Federal Case Number 2:11-cv-14261-SJM-mkm, pursuant to Federal Rules of Evidence, Rule 201(b), styled Kevin Patrick Words v. United States of America,

and William Malatinsky/6th Circuit/; specifically the relevant factual predicate for the district court Order[Document #90]granting in part Plaintiff's motion for leave to file a amended witness list[Document #79], granting in part government's motion for summary judgment[Document #58], and referring case to mediation on 9/30/16. A copy of the Order[Document #90]is attached to this Complaint, marked as **Exhibit "B"** and is incorporated and made a part of this action by reference.

8. Plaintiff initially began the Civil Action 2:11-cv-14261 as a **pro se** litigant on September 28, 2011 pursuant to the Federal Tort Claims Act("FTCA"), 28 U.S.C. §§ 1346(b)-2671-80 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619(1971)("Bivens"), complaining of actions that occurred while he was incarcerated at the Federal Correctional Institution in Milan, Michigan("FCI Milan").

9. On March 12, 2012, government filed a amended motion to dismiss, Plaintiff's FTCA and Bivens action pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). Subsequently, upon Plaintiff's request the court adjourned resolution of the motion and referred the matter to the court's Pro Bono Committee to determine whether the Committe could locate pro bono counsel willing to represent him. The court found that Plaintiff's case merited the assistance of an attorney if one could be found because the allegations in his complaint were lengthy and complex, involving a number of different defendants, and addressed actions spanning a two-year period and involved two surgeries. When no counsel appeared for Plaintiff at the end of the sixty day adjournment, the court instructed Plaintiff that he must proceed pro se and referred the matter to Magistrate Judge Mona K. Majzoub. A copy of Judge Majzoub's report and recommendation is attached to this Complaint,

3

marked **Exhibit "C"** and is incorporated and made a part of this action by reference.

10. More than four months later, Plaintiff sent a letter to the Court which was docketed on October 25, 2012[Document #24]. Plaintiff's letter was construed as a second request for appointment of counsel and a request for leave to file a amended complaint to resolve issues raised in government's motion to dismiss [Document #24]. See Exhibit C, pp. 2.

11. Relevant to this Complaint, on January 22, 2013, the magistrate directly charged Plaintiff, "it would be futile to incorporate claims in an amended complaint that pertain to the amputation of plaintiff's leg unless plaintiff exhausted that claim prior to filing this lawsuit[Document #26]." See Exhibit C, pp. 6.

12. Magistrate Majzoube went on to state, "The documents submitted to the court do not establish exhaustion. Plaintiff should be instructed that his amended complaint should only include claims that he believes have been fully exhausted before the lawsuit was filed [Document #26]."

13. On February 14, 2013, the district judge, after adopting the magistrate's report and recommendation, reiterated two pertinent observations: "it would be futile to incorporate claims in an amended complaint that pertain to the amputation of Plaintiff's left leg unless Plaintiff exhausted that claim prior to filing this lawsuit." A copy of Judge Murphy's opinion and order is attached to this Complaint, marked **Exhitit "D"** and is incorporated and made a part of this action by reference.

14. In consideration of the court's explicit instruction, on April 21, 2013, Plaintiff submitted a SF-95 claim for a sum certain amount $4,900,000.00. A copy of the form is attached to this Complaint, marked **Exhibit "E"** and is

incorporated and made a part of this action by reference.

15. On May 15, 2013, Plaintiff was notified by agency letter that his FTCA claim was received April 24, 2013 and had been assigned a claim number TRT-NCR-2013-04879. That letter also informed him that the government was not required to reply until October 23, 2013. A copy of the letter is attached to this Complaint, marked **Exhibit "F"** and is incorporated and made a part of this action by reference.

16. Interim to the tort claim, on July 11, 2013, pro bono committee attorney, Matthew W. Heron, hereinafter Defendant, contacted Plaintiff by letter with the attached contract "Standard Pro Bono Terms of Engagement for Legal Services", Exhibit A. After signing, Plaintiff returned the agreement to Clark Hill, PLC.

17. Under the terms of the contract, page 4, Defendant served as the principle attorney and was responsible to supervise the case work and all work performed by other lawyers or legal assistants in the firm.

18. Debrashree Nandy, hereinafter Defendant(s), contacted Plaintiff at his home in Milwaukee, Wisconsin. Defendant(s) informed Plaintiff his pro se amended version of the below-the-knee tort claim, as written, was sufficient but the claimed amount had been adjusted to reflect an additional $100,000.00 for a total of $5,000,000.00. Defendant(s) went on to say she had a idea or solution concerning the exhaustion of the FTCA for the leg. Defendant(s) did not disclose her intentions and on August 16, 2013, she refiled a amended version to the complaint well in advance of the October 23, 2013 six month pre-filing requirement cited in TRT-NCR-2013-04879.

19. On October 24, 2013, the government formally denied Plaintiff's tort claim for the below-the-knee amputation and issued certification number 7012 3050 0001 4376. A copy of the government's reply is attached to the Complaint, marked **Exhibit "G"**

5

and is incorporated and made a part of this action by reference.

20. Neither of the Defendant(s) took note of the April 21, 2013 tort claim, Exhibit E, nor did either of the Defendant(s) take note of the October 23, 2018 agency final denial letter, Exhibit F. Since the original complaint was made in August 2011, the court's pre-exhaustion instruction was met and the amended filing would then be ripe for disposition well within requirements of 28 U.S.C. § 2675(a) and 28 U.S.C. § 1401(b) for timely filing and pre-exhaustion at the agency level.

21. Plaintiff's last contact with Defendant Nandy occurred on or about October 13, 2014. Defendant Nandy did not discuss pre-exhaustion or mention it.

22. On or about January 14, 2015, Defendant Agosta replaced Defendant Nandy as lead attorney for the case. At that time, the April 23, 2014 six(6) month period to timely file or amend the complaint was long expired.

23. The Defendant(s) opportunity to take note and comply with the pre-exhaustion and six month filing deadline of paragraph 20 were squandered. The Defendant(s) acts or omission effectively caused Plaintiff to receive the unfavorable dismissal of the FTCA & Bivens action for the below-the-knee amputation of his left leg resulting in a loss of damages in the amount of $5,000,000.00. See Exhibit B, Document #90 at, pp 15 & 16.

## COUNT II

24. Kevin Patrick Words, hereinafter Plaintiff, realleges and incorporates by reference paragraphs 1 through 22 of this Complaint.

25. Matthew W. Heron, Debrashree Nandy and Anthony A. Agosta, hereinafter Defendant(s), failed to properly vet Dr. David A. Libert("Dr. Libert")in compliance with Mich.Comp.Law § 600.2169(a), Federal Rules of Evidence, Rule

6

702 and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 529(1995), ("Daubert"). Defendant(s)' failures cause Plaintiff to appear before the court without the benefit of expert testimony, which is a fatal mistake under Mich.Comp.Law § 600.2169(a). A copy of the courts' Order striking the expert testimony of Dr. Libert [Document #65] is attached to this Complaint, marked **Exhibit "H"** and is incorporated and made a part of this action by reference. Also, see Exhibit B, Document #90 at, pp. 20, finding "there is a triable issue of fact that precludes summary judgment on the standard of care issue. Whether it was the need for wound cultures or an MRI to properly assess the extent of Words's injury and the care that was required, the proper and timely administration of antibiotics, or the overall effect of Words's neuropathy compared to his long history of poorly managed diabetes prior to self-surrender", the court went on to say, "the Court finds that the expert testimony here creates a genuine issue of fact, and thus renders the standard of care issue ripe for resolution by a fact-finder at trial."

26. In short, the Defendant(s) failures to qualify Dr. Libert properly overthrew the case. On March 4, 2016, offered the expert summation of Dr. Finley Brown ("Dr. Brown") a subterfuge that was contrary to the mandatory disclosure language in Rule 37. The Defendant(s) filed a motion to amend the witness list a week after citing Dr. Brown's testimony to support the FTCA. Dr. Brown expert testimony was not disclosed until eight months after the deadline for expert discovery had passed. See, Exhibit B, Document #90 at, pp. 12.

27. Dr. Libert's and Dr. Brown's expert testimony substantiated "Dr. Matalinsky's breaches in the standard of care proximately caused Mr. Words' severe condition, deepened infections, and subsequent amputations. These breaches resulted in Mr. Words' condition continuing to worsen until the severity of the infections necessitated amputations. In my professional opinion, if Dr. Malatisky(sic) had provided

7

Medical treatment consistent with the standard of care, the amputations likely could have been prevented. " A copy of Dr. Brown's summation is attached to this Complaint, marked **Exhibit "I"** and s incorporated and made a part of this action by reference.

28, Because of the government's April 12, 2016 proffered Rule 37 motion to withstand the testimony of Dr. Brown, Plaintiff entered mediation of the toe tort claim in a disadvantage from the untenable failures of the defendant(s) to secure reasonable expert testimony. In the event mediation break down, Plaintiff could not possibly overcome the barrier presented by compliance with Mich.Comp.Law § 600.2169a. In the absence of bargaining strength, government made a single take it or leave it offer of $15,000.00 in exchange for the certain total of $100,000.00 damages of the toe tort claim. The Defendant(s) exclaimed hopelessness to plaintiff and he accepted the offer. See, Exhibit B, Document #90 at, pp. 22, "Accordingly, the Court will reject the Government's motion on the expert without prejudice for renewal at a later time, as agreed upon on April 12, 2016 hearing."

29. In short, the defendant(s) failure to comply with Mich.Comp.Laws § 600.2169a and U.S.C. § 2675(a) effectively denied Plaintiff relief in the total amount of $4,990,000.00.

## PRAYER

30. Plaintiff respectfully pray the court grant, in addition to forfeit damages from the FICA claim, treble damages, reasonable attorney's fees and cost to bring this action before the Court.

    A. Damages in the amount of $4,990,000.00.

    B, Pre-and post judgment interest on those damages as allowed by law: and

    C. All other relief that the Court may deem just and proper.

Dated: August _21_, 2018,

_Kevin P. Words_
Mr. Kevin Patrick Words, Pro Se.
3029 N. 59th Street
Milwaukee, WI
53210

8